**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUNIOR GABREL ALCIN,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 4:26-736** |
| **v.** | : | **(JUDGE MANNION)** |
| **JESSICA SAGE, *et al.*,** | : | |
| **Respondents.** | : | |

**MEMORANDUM**

Pending before the Court is Junior Gabrel Alcin's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Petitioner's petition will be **DISMISSED IN PART WITHOUT PREJUDICE** and otherwise **GRANTED** to the extent it requests a bond hearing.

## I. BACKGROUND

Petitioner is a citizen and national of Haiti. (Doc. 9-2 at 5). He entered the United States as a lawful permanent resident on January 21, 1996. *Id.* at 7. On March 25, 2002, Petitioner was arrested by the New York City Police Department ("N.Y.P.D.") for Fourth Degree Grand Larceny in violation of N.Y.P.L. §155.30. *Id.* He pleaded guilty and received five years of probation. *Id.* On May 17, 2004, Petitioner pleaded guilty to violating his probation, and was imprisoned for a period of one year. *Id.*

On June 1, 2003, Petitioner was arrested by the N.Y.P.D. for Third Degree Criminal Possession of a Loaded Firearm in violation of N.Y.P.L. §265.02(4). *Id.* A jury convicted Petitioner; he was sentenced to a five year period of supervised release and concurrent order of protection. *Id.* On March 23, 2004, Petitioner was arrested by the N.Y.P.D. for Third Degree Assault with Intent to Cause Physical Injury in violation of N.Y.P.L. §120.00(1). *Id.* Petitioner pleaded guilty and was sentenced to sixty days of confinement. *Id.*

On May 24, 2011, Petitioner was again arrested by the N.Y.P.D. for Third Degree Assault with Intent to Cause Physical Injury in violation of N.Y.P.L. §120.00(1). *Id.* at 7-8. He pleaded guilty and was sentenced to nine months of incarceration. *Id.* at 8. On February 13, 2017, the United States Citizenship and Immigration Services ("USCIS") denied Petitioner's N-600 application for citizenship. (Doc. 9-2 at 75).

On June 21, 2020, the Philadelphia (Pennsylvania) Police Department arrested Petitioner for Driving Under the Influence, which was dismissed. *Id.* at 7. On February 26, 2022, the Reading (Pennsylvania) Police Department arrested Petitioner for Simple Assault, Strangulation, and Harassment; these charges were dismissed. *Id.* On November 30, 2023, the West Reading (Pennsylvania) Police Department arrested Petitioner for, again, Simple

Assault, Strangulation, and Harassment; these charges were also dismissed. *Id.* On January 22, 2025, the Reading (Pennsylvania) Police Department arrested Petitioner for Terroristic Threats, Simple Assault, Theft, and Recklessly Endangering Another Person. *Id.* On August 13, 2025, Petitioner pleaded guilty to Terroristic Threats and Simple Assault; he was sentenced to 7-23 months of confinement followed by three years of probation. *Id.*

On January 24, 2025, ICE lodged a detainer with the Berks County Jail. *Id.* at 8. On September 10, 2025, Petitioner was charged as removable pursuant to Immigration and Nationality Act ("INA") §237(a)(2)(A)(ii)-(iii), and issued a Notice to Appear ("NTA") before an immigration judge ("IJ"). (Doc. 9-3). On October 7, 2025, IJ Richard Bailey terminated Petitioner's removal proceedings after finding that the Department of Homeland Security ("DHS") did not "meet its burden of proving by clear and convincing evidence that [Petitioner] is removable as charged." (Doc. 9-4 at 2). On October 31, 2025, DHS filed a Notice of Appeal. (Doc. 9-5).

On August 12, 2026, Petitioner was ordered removed from the United States. *See* Automated Case Information, A-Number 044-602-118, Nationality: Haiti (last accessed on Oct. 1, 2026). Petitioner filed an appeal from his order of removal, which remains pending. *Id.* Petitioner is currently

detained at FCI Lewisburg. (Doc. 9 at 5). On March 23, 2026, Petitioner filed the instant petition. (Doc. 1). On June 10, 2026, Respondents filed their response to the petition. (Doc. 9). On July 23, 2026, Petitioner filed a traverse. (Doc. 10). This matter is now ripe for disposition.

## II. CLAIMS SUBJECT TO DISMISSAL

The instant petition challenges not only Petitioner's detention, but also raises a series of challenges which either fall outside the scope of this Court's jurisdiction, or of 8 U.S.C. §2241 petitions, including the Attorney General's decision to commence a removal action against him, and various unrelated civil claims. (Doc. 1 at 8-10).

Starting with the removal action, district courts do not have jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this subchapter." 8 U.S.C. §1252(g). Rather, district courts can only exercise jurisdiction over "detention-specific" claims. *See Khalil v. President, United States*, 164 F.4th 259, 277 (3d Cir. 2026). Claims involving "questions of law or fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States" are properly brought via appeal of one's final

order of removal to the relevant United States Court of Appeals. 8 U.S.C. §1252(b)(9). Thus, the Court lacks jurisdiction over Petitioner's claims challenging his removability—specifically claims 10, 11, 12, and 13.

Furthermore, claims 4, 5, 7, 8, and 9 of the petition deal with allegations brought pursuant to 42 U.S.C. §1983, *Bivens*, the Administrative Procedure Act ("APA"), and the Federal Tort Claims Act ("FTCA"). (Doc. 1 at 9). These claims constitute separate causes of action, falling outside the scope of a 28 U.S.C. §2241 petition, which is properly used to challenge one's detention.

Claims 1, 2, 3, and 6 allege that Petitioner's continued detention as well as the conditions of his confinement violate due process and that the Court should set aside ICE's detention of him. In support of these claims, he argues that his removal is not reasonably foreseeable, his detention is unreasonably prolonged, and that he should be released or granted a bond hearing. (Doc. 1 at 8-9). These claims are brought properly before the Court. Accordingly, claims 4-5, and 7-13 will be dismissed without prejudice to refile under the proper cause of action. The remaining claims, 1-3 and 6, which challenge Petitioner's continued detention, will be addressed in this memorandum.

## III. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## IV. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to

> commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Now that the Court dismissed Petitioner's claims barred by §1252(g), the remaining claims are within the Court's jurisdiction because they do not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions[.]").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Now that the Court dismissed Petitioner's claims barred by §1252(b)(9), the remaining claims are within the Court's jurisdiction because they do not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process[.]").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as Petitioner's claims do not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies[.]'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Petitioner is detained under 8 U.S.C. §1226(c), which precludes immigration judges from

holding a bond hearing. *See id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that an immigration judge "has no authority to consider bond requests for any person who entered the United States without admission[.]").

**c. Petitioner's detention under 8 U.S.C. §1226(c) is proper.**

8 U.S.C. §1226(c)(1)(B) requires mandatory detention of noncitizens who "deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii) . . . and (iii)[.]" 8. U.S.C. §1226(c)(1)(B). Petitioner was previously convicted of various crimes of moral turpitude covered by the statute. (Doc. 9-2). Accordingly, he is properly detained under §1226(c).

**d. Petitioner's detention has become unreasonably prolonged.**

"To determine whether prolonged detention is unreasonable, a 'highly-specific-fact-inquiry,' this Court must consider 'a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable.'" *Rahmatov v. Lowe*, 2026 WL 837974, *2 (M.D.Pa. Mar. 26, 2026) (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210-11 (3d Cir. 2020)). "The most important factor is the duration of detention." *German Santos*, 965 F.3d at 211. "We begin there because the Supreme Court . . . rejected a facial challenge to §1226(c) based on the Government's representation that detention lasts between one-and-a-half

and five months." *Id.* (citing *Denmore v. Kim*, 638 U.S. 510, 529-30 (2003); *see also Wong Wing v. United States,* 163 U.S. 228, 235 (1896) ("We think it clear that detention, or temporary confinement, as part of the means necessary to give effect to the provisions for the exclusion or expulsion of aliens would be valid[.]"). Duration is "evaluate[d] . . . along with all other circumstances," including: (1) "whether the detention is likely to continue," (2) "the reasons for the delay," and (3) "whether the alien's conditions of confinement are 'meaningfully different[ ]' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 476-77 (3d Cir. 2015)).

With respect to Petitioner's duration of detention, he has been in immigration custody since September 10, 2025—over one year. (Doc. 1 at 2). The Third Circuit has declined to impose a *per se* rule that any detention longer than a specific duration is unreasonable. However, in *German Santos*, the Third Circuit noted that "detention becomes more and more suspect after five months," and that "detention became unreasonable sometime between six months and one year." *Id.* Here, Petitioner's period of detention has been significantly longer than the reasonable period set forth in *German Santos*. *See J.G.J. v. Sage*, 3:26-CV-706, 2026 WL 915576 at *10 (M.D.Pa. Apr. 3, 2026) (("Here, Petitioner has been detained for approximately one year and

the Court finds that the duration of civil immigration detention favors relief at this time.") (citing *German Santos*, 965 F.3d at 210-11)); *compare Rahmatov*, 2026 WL 837974, at *2 ("Petitioner has been detained slightly over 5 months, and the Court finds that the duration of civil immigration detention weighs against relief at this time."). Accordingly, the first *German Santos* factor weighs in favor of relief.

The Court must also consider whether Petitioner's detention is likely to continue. *German Santos*, 965 F.3d at 211. The Court finds that it is, as immigration proceedings with respect to his removability are still ongoing, and will likely continue to endure a lengthy appeals process. *See* Automated Case Information, A-Number: 044-602-118, Nationality: Haiti (last accessed on Oct. 2, 2026). Accordingly, this factor weighs in favor of relief at this time.

As for the reasons for delay, a review of Petitioner's proceedings reveals that neither party is responsible. Accordingly, this factor neither weighs in favor of nor against relief.

Finally, the Court finds that Petitioner's conditions of confinement are not meaningfully different from criminal punishment. *See Alvarado v. Sage*, 3:26-CV-680, 2026 WL 1497185 at *3 (M.D.Pa. May 28, 2026) ("Federal prison is federal prison."). Petitioner is currently detained at FCI Lewisburg, which is a medium-security federal prison. *Id.* Respondents argue that

"[a]lthough the Court in *German Santos* determined that his conditions weighed in favor of petitioner in that he had been 'currently confined to his cell twenty-three hours a day,' such is not the case here." (Doc. 9 at 22) (citing *German Santos*, 965 F.3d at 213). The Court is unpersuaded by this argument. A petitioner obviously need not be detained under such extremely punitive conditions as twenty-three hours a day in one's cell for their confinement to be akin to criminal punishment. The mere fact that Petitioner, a civil immigration detainee, is housed in a criminal facility among criminals suffices to show that his conditions of confinement do not meaningfully differ from criminal punishment. Where, as here, "civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *German Santos*, 965 F.3d at 211.

Thus, upon weighing the *German Santos* factors, the Court finds that Petitioner's detention under 8 U.S.C. §1226(c) has become unreasonable. Petitioner has been detained for over one year, there is no indication that his detention will end any time soon, and his detention appears to be penal in nature. Accordingly, Petitioner is entitled to a prompt and individualized bond hearing, where "the Government must put forth clear and convincing evidence that continued detention is necessary" and show that Petitioner "would likely flee or pose a danger to the community if released." *Id.* at 213.

## V. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **DISMISSED WITHOUT PREJUDICE** as to Counts 4-5, and 7-13. As to the remaining Counts, the petition will be **GRANTED** to the extent it requests a bond hearing. Respondents will be required to provide Petitioner with an individualized bond hearing before an immigration judge within fourteen days. Respondents will also be directed to file a declaration or affidavit pursuant to 28 U.S.C. §1746 confirming that Petitioner received a bond hearing in accordance with this memorandum. An appropriate order shall be issued.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 10/7/26
26-736-01